504 A.2d 1168

**Ivan PETRIC**

**v.**

**STATE of Maryland.**

**No. 789, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Feb. 18, 1986.

Certiorari Denied May 21, 1986.

Mark Colvin, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Jillyn K. Schulze, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty. for Baltimore City and John M. Hassett, Asst. State's Atty. for Baltimore City, on brief), Baltimore, for appellee.

Argued before GILBERT, C.J., and WILNER and ROBERT M. BELL, JJ.

GILBERT, Chief Judge.

The Maryland General Assembly, in 1959, enacted a statute which proscribed the use of electronic devices for the purpose of overhearing or recording private conversation unless the parties to that conversation consented. The consent could be either expressed or implied. 1959 Md. Laws, ch. 706. That statute, in substance, remains the law of Maryland. Maryland Courts & Judicial Proceedings Code Ann. § 10–402 provides, in pertinent part:

"(a) Unlawful acts.—Except as otherwise specifically provided in this subtitle it is unlawful for any person to:

(1) Wilfully intercept, endeavor to intercept, or procure any other person to intercept, or endeavor to intercept any wire or oral communication;

(2) Wilfully disclose, or endeavor to disclose, to any other person the contents of any wire or oral communication, knowing or having reason to know that the informa-

tion was obtained through the interception of a wire or oral communication in violation of this subtitle; or

(3) Wilfully use, or endeavor to use, the contents of any wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication in violation of this subtitle.

. . . .

(c) Lawful acts.—

. . . .

(3) It is lawful under this subtitle for a person to intercept a wire or oral communication where the person is a party to the communication and where all of the parties to the communication have given prior consent to the interception unless the communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of this State or for the purpose of committing any other injurious act."

The Maryland "Wiretapping and Electronic Surveillance Act" guarantees to the people of Maryland, insofar as the State, itself, is concerned, greater protection from surreptitious eavesdropping and wiretapping than that afforded the people by the Congress in The Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–2520 (1976).[1]

It is safe to say that for whatever reasons relatively few persons have been prosecuted under the Maryland act;[2] certainly no other appeal from a conviction under that law has heretofore come before this Court.

Ivan Petric was convicted by a jury in the Circuit Court for Baltimore City (Bothe, J.) of five counts of violation of

---

1. R. Gilbert, *A Diagnosis, Dissection, and Prognosis of Maryland's New Wiretap and Electronic Surveillance Law,* 8 U. of Balt.L.Rev. 183, 221 (1979).

2. Violation of the statute is punishable by a maximum of five years' imprisonment or a fine of $10,000, or both. Cts. & Jud.Proc. § 10–402(b).

Cts. & Jud. Proc. § 10–402. He was sentenced to three years' incarceration. The execution of the sentence was suspended, however, and he was placed on probation for two years. In this Court Petric asserts that the trial court erred:

1) in not holding that the prosecution is preempted by federal law;

2) in "refusing to instruct the jury that good faith reliance on legislative authorization is a defense to the crimes charged";

3) in not instructing "the jury that it was the judge of the law and that the court's instructions were merely advisory."

That Petric violated the Maryland Wiretapping and Electronic Surveillance Act is undisputed. Petric was Secretary-Treasurer as well as chairman of the grievance committee of the Circulation and Distributor's Union, Local 503. He stealthily recorded conversation between himself and management representatives of the *Baltimore News-American*. Also undisputed is the fact that Petric disclosed the content of the clandestinely obtained recordings.

### I.

Petric fulminates that the judgment of the circuit court is in error because his conduct was protected under the National Labor Relations Act (NLRA). He asserts that under the circumstances of this case, the State prosecution has been preempted by the federal regulatory scheme. Because he turned over the recording to a representative of the National Labor Relations Board (NLRB), Petric perceives preemption as an insurmountable barrier to prosecution.

■ The doctrine of preemption, as applied to labor law, was most recently analyzed by this Court in *Pemberton v. Bethlehem Steel Corporation*, 66 Md.App. 133, 502 A.2d 1101 (1986). There we discussed the rule laid down in *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). The *"Garmon* Rule"

provides that State courts must yield exclusive jurisdiction to the NLRB whenever the conduct which a State purports to regulate is protected, or arguably protected, under § 7 of the Act, or the conduct constitutes, or arguably constitutes, an unfair labor practice under § 8 of the Act. Those two sections provide, respectively, in pertinent part:

"Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection...." 29 U.S.C. § 157.

"(a) It shall be an unfair labor practice for an employer—

(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title...." 29 U.S.C. § 158.

That Petric disseminated the fruits of the covert recordings to the NLRB does not automatically open an umbrella of protection under the federal Act. The assertion that the electronic interception was a necessary means to marshall supporting evidence for his grievance action falls sorely short of constituting the "arguable protection" of *Garmon.*

We think it transpicuous that Petric's conduct is neither regulated nor protected under §§ 7 and 8 of the NLRA. Consequently, the issue of preemption is no more than a "red herring."

Even if Petric's conduct were somehow peripherally related to federal labor law and thus arguably protected under the NLRA, *see Vane v. Nocella,* 303 Md. 362, 370–375, 494 A.2d 181, 185–187 (1985), the matter of illegal tape recordings touches on interests firmly entrenched in Maryland policy. The *Vane v. Nocella* Court pointed out that the NLRB's tangential interest is overriden by the State's proclaimed commitment to protecting individual privacy expectations and to proscribing insidious recordings of conversation.

The Maryland law is that prior consent of all parties to a conversation is needed before that conversation may be recorded. Of course, if the recording is made in the investigation of certain criminal acts, the restriction may not apply. *See* Cts. & Jud. Proc. § 10–402(c)(2).

It is of no consequence that the federal Act would control, 18 U.S.C. § 2511(2)(d), if Petric had instead made the recordings in a State with less restrictive wiretap and electronic surveillance laws. *State v. Siegel*, 13 Md.App. 444, 285 A.2d 671 (1971), *aff'd*, 266 Md. 256, 292 A.2d 86 (1972), makes pellucid that "the several states are at liberty to adopt more restrictive provisions than those contained in the federal act." R. Gilbert, *"A Diagnosis, Dissection, and Prognosis of Maryland's New Wiretap and Electronic Surveillance Law,"* 8 U. of Balt.L.Rev. 183, 186 (1979). Compliance with the more stringent State law is required. *State v. Mayes*, 284 Md. 625, 627–28, 399 A.2d 597 (1979), *aff'g* 39 Md.App. 635, 387 A.2d 794 (1978); *State v. Siegel*, 266 Md. 256, 271, 292 A.2d 86 (1972), *aff'g* 13 Md.App. 444, 285 A.2d 671 (1971); *Sanders v. State*, 57 Md.App. 156, 469 A.2d 476 (1984); *United States v. Marion*, 535 F.2d 697 (2nd Cir.1976); *United States v. Pine*, 473 F.Supp. 349 (D.Md.1978).

## II.

Petric's next asseverates that because his conduct would be lawful under the federal Act, 18 U.S.C. §§ 2510–2520, he relied "in good faith" on a "legislative authorization." Such a defense, if true, is "complete" as "to any … criminal" prosecution brought under the Maryland Wiretapping and Electronic Surveillance Act. Cts. & Jud. Proc. § 10–410(b).

■ The issue of whether Petric relied in good faith upon the federal statute is a question of fact for the jury to decide and not one of law for the court. Evidence reveals that Petric was told on several occasions by the president of the local union that the recordings of conversations and the

playing of those recordings were illegal and should be stopped. Nevertheless, Petric persisted in his illicit activities.

Judge Bothe, after telling the jury that the federal law allowed one of the parties to a conversation to record it even without the knowledge of the other person or persons, then instructed the jurors:

"[T]he state has the burden of proof that a person who ostensibly broke the law intended to do so.... [I]f you find that he recorded the conversations without the consent of the other party or parties, you should then consider whether he knew or should have known that he was violating the law when he recorded or disseminated the conversations without the consent of the other parties.

If you find that Mr. Petric recorded the conversations without the consent of the parties but did so without knowing or having reason to know that his act was in violation of Maryland law, then you could find that he lacked the intent to commit a criminal act or act charged, and find him to be not guilty as to that act or acts in which you find that he did not know and could not reasonably be expected to know that he was breaking the law.

If you find beyond a reasonable doubt that the defendant knew or should have known that he was violating the law when he recorded the conversations without the consent of the other party or parties, it would not be a valid defense that he did so for purposes of supplying information to a governmental agency or for any other purpose which appeared to him or even to you to justify his actions when he knowingly and willfully broke the law. Intentional violations of the law are not a defense."

■ We think Judge Bothe's instruction, which may not have imaged the precise language Petric requested, nevertheless, conveyed the thought that if the jurors found he had acted in "good faith" according to the federal Act, they should find him not guilty of the offenses charged, because

he would not then "know" that he was violating the Maryland law. Patently, the jury believed that Petric knew he was violating the law but persisted in that conduct, notwithstanding warnings that he should halt the unlawful practice.[3]

### III.

Petric maintains that the judge's instructions in a criminal case are merely advisory and that "the Jury shall be the Judges of Law, as well, as of fact."

To support that contention, Petric points to Maryland Declaration of Rights Art. 23 and resurrects pre-*Stevenson v. State*, 289 Md. 167, 423 A.2d 558 (1980), reasoning. Ere *Stevenson*, it was generally thought by bench and bar alike that jurors in criminal cases were judges of the law and fact. *Stevenson* made clear that such was not the situation, but that a jury's judicial role was limited to the "law of the crime." *Stevenson*, 289 Md. at 179, 423 A.2d at 564. Other legal issues were for the judge to determine. Subsequently, the Court in *Montgomery v. State*, 292 Md. 84, 89, 437 A.2d 654, 657 (1981), opined that the jury's functioning as "judges of the law" is limited to those instances where there is a dispute as to the state of the law. "[W]here there is no dispute ... as to the law of the crime, the court's instructions are binding on the jury...." *Id.*

This Court in *Allnutt v. State*, 59 Md.App. 694, 703, 478 A.2d 321, 325, *cert. denied*, 301 Md. 639, 484 A.2d 274 (1984), *appeal dismissed*, —— U.S. ——, 105 S.Ct. 2108, 85 L.Ed.2d 474 (1985) said: "Instances of dispute of the law of the crime are an endangered species rapidly approaching extinction. Once an appellate court has ruled on the 'law of the crime,' the matter then becomes settled law, and thereafter the jury is no longer the judge of the law with respect to that particular matter."

---

3. Mr. Petric elected not to testify although he called witnesses in his behalf.

■ It is well settled that Maryland's Wiretapping and Electronic Surveillance Act, Cts. & Jud. Proc. §§ 10–401 through 10–413, is more restrictive than its federal counterpart, 18 U.S.C. §§ 2510–2520. There was no dispute of law of the crime, and Judge Bothe properly refused to grant an instruction predicated on Article 23 of the Declaration of Rights.

JUDGMENTS AFFIRMED.

COSTS TO BE PAID BY APPELLANT.